UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RONNIE MELVIN FLOWERS,

        Petitioner,

        Case No. 1:23-cv-814

v.

        HON. JANET T. NEFF

FEDERAL BUREAU OF PRISONS et al.,

        Respondent.
_____/

## ORDER OF TRANSFER

This is a habeas corpus action filed by Petitioner Ronnie Melvin Flowers, a federal prisoner, asking the Court to determine that the Federal Bureau of Prisons (BOP) incorrectly calculated the credit due to him for time served prior to the commencement of his sentence. This Court originally sentenced Petitioner to a total of 180 months in prison following his guilty plea in *United States v. Flowers*, No. 1:08-cr-88 (W.D. Mich.). After the BOP released Petitioner from custody, he violated the conditions of his supervised release, and in 2021, this Court sentenced Petitioner to 24 months in prison for the supervised release violations.

Under 18 U.S.C. § 3585, Petitioner's sentence commenced on the date he was received in custody awaiting transportation to the official detention facility at which the sentence was to be served. Moreover, Petitioner was entitled to credit for prior custody "for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." 18 U.S.C. § 3585(b).

However, "§ 3585(b) does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). "The BOP, not the sentencing court, computes federal prisoners' credit for prior time served." *Barker v. Barnhart*, No. 18-5969, 2019 WL 4391453, at *3 (6th Cir. June 4, 2019). The BOP's computation is a matter relating to the execution of the sentence, and a § 2241 petition is the proper method to challenge the calculation. *Id*. Therefore, Petitioner's filing is properly construed as a petition under 28 U.S.C. § 2241.

Promptly after the filing of a petition for habeas corpus under § 2241, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases.[1] If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Alternatively, a preliminary review is required by 28 U.S.C. § 2243. Under that provision, a court must promptly order an answer or grant the writ under § 2241, "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. After undertaking the preliminary review required by statute and rule, the Court concludes that the Court does not have jurisdiction over Petitioner's habeas claim.

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

2

A habeas petition under 28 U.S.C. § 2241 must be filed in the district having jurisdiction over Petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001) ("While a motion to vacate sentence under 28 U.S.C. § 2255 must be filed in the district court which sentenced the movant, a petition for a writ of habeas corpus under § 2241 is confined to the district court having jurisdiction over the petitioner's custodian." (citing *In re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999))). When Petitioner filed his petition, the BOP listed his location as the Detroit Residential Reentry Management (RRM) field office.[2] Therefore, when Petitioner initiated this action, his immediate custodian was the Detroit RRM. That office is located in the territorial jurisdiction[3] of the United States District Court for the Eastern District of Michigan, and the Eastern District of Michigan has jurisdiction to address Petitioner's claim; this Court does not.

Section 1631 of Title 28, United States Code authorizes the Court to transfer a habeas petition to the federal district court having jurisdiction over a habeas petitioner's custodian. Therefore, the Court will transfer the petition to the United States District Court for the Eastern District of Michigan, which is the federal district court with jurisdiction over Petitioner's custodian at the time that he initiated this action. Accordingly,

---

[2] Petitioner is now housed at the Federal Correctional Institution in Milan, Michigan. *See* https://www.bop.gov/inmateloc/ (select "Find by Name," search First "Ronnie," Last "Flowers") (last visited Aug. 30, 2023).

[3] The *Rumsfeld* Court made clear that the "jurisdiction" at issue is not personal jurisdiction as potentially expanded by long-arm statutes, but was instead the territorial jurisdiction of the district court. *Rumsfeld*, 542 U.S. at 444–47. The Court cited with approval the holding of *Schlanger v. Seamans*, 401 U.S. 487 (1971), "that the custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction." *Rumsfeld*, 542 U.S. at 445.

**IT IS ORDERED** that because this Court lacks jurisdiction over Petitioner's habeas claim under 28 U.S.C. § 2241, the petition is transferred to the United States District Court for the Eastern District of Michigan, where Petitioner's custodian is located, pursuant to 28 U.S.C. § 1631.

Dated: September 18, 2023

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge